UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHEVALIER PEREE HOWARD, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16CV336 CDP |
| JAMES B. NUTTER & COMPANY, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is plaintiff Chevalier Peree Howard's complaint, which was originally filed as a miscellaneous action in this Court. The Court has reviewed a response filed by plaintiff Mr. Howard on March 25, 2016, and this matter will be dismissed for lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(h)(3). As an alternative basis, the Court will dismiss this action because plaintiff has failed to comply with the Court's March 14, 2016 Memorandum and Order.

### Background

According to the original complaint, filed in this Court on March 8, 2016, James B. Nutter & Company foreclosed on the property in Florissant, Missouri, on December 7, 2015. On February 22, 2016, James B. Nutter & Company filed an unlawful detainer action against Toni Wade, Mary Roe and John Doe defendants in St. Louis County Court. *See James B. Nutter & Company v. Toni Wade, et al.,* No. 16SL-AC04665 (21st Judicial Circuit, St. Louis County). In the complaint before the Court, Mr. Howard, who alleges he is the trustee and assignee of the property, seeks an injunction to stop the unlawful detainer action in state court.

In the pleading, Mr. Howard alleges that he was filing his complaint on behalf of a "private trust entity" known as Wade-Garden Village Private Trust. Mr. Howard states that he is bringing this action on behalf of a "disabled private trust" that was the "assignee" of the one Toni Wade's

home, located at 1228 Garden Village Drive, Florissant, Missouri, 63031, which was mortgaged by defendant James B. Nutter & Company.

On March 14, 2016, the Court ordered the Clerk to transfer this matter to a regular civil action in this Court, and ordered Mr. Howard to file a new civil complaint in this matter on a court-form. Mr. Howard was also told that he was expected to pay the full $400 filing fee for filing a civil action in this Court.

In direct contravention of this Court's March 14, 2016 Memorandum and Order, Mr. Howard filed a response, on March 25, 2016, indicating that he "does not accept" this Court's order. Mr. Howard has not filed an amended complaint in this action, nor has he paid the required filing fee. Instead, he has filed a replica of his original complaint as an addendum to his response brief. He argues that this Court must accept his case because he believes that this Court has "exclusive jurisdiction of all matters arising out of trusts." Mr. Howard is simply incorrect.

**Discussion**

As explained in the Court's prior Memorandum and Order, this Court can attain jurisdiction through federal questions, *see* 28 U.S.C. § 1331, or through diversity jurisdiction, *see* 28 U.S.C. § 1332. Because it does not appear that the instant action arises under the Constitution, laws, or treaties of the United States, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Additionally, the amount in controversy is unspecified, and plaintiff has insufficiently alleged diversity of citizenship. *See* 28 U.S.C. § 1332.

Chevalier Peree Howard asserts that he is a "foreign citizen" and therefore capable of rendering the diversity of citizenship needed in this action to maintain jurisdiction under 28 U.S.C. § 1331. As evidence of his "foreign citizenship" Mr. Howard states that he is a "private citizen of the United States of America, privately residing and privately domiciling within a non-military

2

occupied private estate, outside a 'Federal District', not subject to the jurisdiction of the United States. . ."

The arguments set forth by Mr. Howard are frivolous and similar to the "sovereign citizen" arguments frequently brought before this Court. *See United States v. Hart,* 701 F.2d 749, 750 (8th Cir.1983)(characterizing as frivolous an appeal in tax case challenging government's jurisdiction over "sovereign citizen");*United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir.2013), *cert. denied,* 2014 WL 1621678 (May 27, 2014); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011 (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous). Arguments based on the "sovereign citizen" or "private citizen" movement cannot establish diversity jurisdiction in this action.

Because plaintiff has failed to comply with this Court's March 14, 2016 Memorandum and Order by filing an amended complaint in this action, as well as pay the $400 filing fee, this action will be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b). Additionally, the Court notes that plaintiff has failed to properly allege the jurisdictional basis for bringing the action to this Court, despite being given time to do so. *See* 28 U.S.C. §§ 1331 and 1332. As such, this matter must be dismissed for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3).

The Court also reminds plaintiff that the Missouri Supreme Court has outlined the proper litigation avenues for homeowners who believe they are victims of wrongful foreclosure and the limited nature of an unlawful detainer action under Missouri statute:

> As a result of [a] statutory limitation on the substantive scope of unlawful detainer actions, homeowners who believe their foreclosures are improper must act to protect themselves if they do not want to lose possession of their home. They must either: (1) sue to enjoin the foreclosure sale from occurring, or (2) if the sale has occurred and the buyer has sued for unlawful detainer, bring a separate action [in state court] challenging the foreclosure purchaser's title and seek a stay of the unlawful detainer action in that separate case.

*Wells Fargo Bank, N.A. v. Smith,* 392 S.W.3d 446, 461 (Mo.2013). In other words, plaintiff's remedy is in Missouri state court. As a hearing on plaintiff's unlawful detainer action is set for May 4, 2016, in St. Louis County Court, he may want to pursue his state court remedies in a timely fashion. *See James B. Nutter & Company v. Toni Wade, et al.,* No. 16SL-AC04665 (21st Judicial Circuit, St. Louis County).

Despite his assertions otherwise, plaintiff does not have a remedy against defendants in this Court. This action will be dismissed in accordance with the reasons set forth above.

Accordingly,

**IT IS HEREBY ORDERED** that this action will be dismissed for lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(h)(3).

**IT IS FURTHER ORDERED** that alternatively, this action will be dismissed due to plaintiff's failure to comply with this Court's March 14, 2016 Memorandum and Order. *See* Fed.R.Civ.P. 41(b).

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of April, 2016.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE